## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

GEORGE SMITH,          )

        Plaintiff,    )

        v.         )    No.

WOODYS USED GRAIN BINS  )
INC., a Michigan corporation,  )
KRISTOPHER WOLFE, ANTHONY )
WOLFE, and WOLFE BROTHERS )
FARMS, a Pennsylvania partnership, )

        Defendants.    )

## COMPLAINT

Plaintiff George Smith ("Smith"), by and through his undersigned counsel, Williams, Bax & Saltzman, P.C. and Williams Williams Rattner & Plunkett, P.C., for his complaint against Defendants Kristopher Wolfe ("Kristopher"), Anthony Wolfe ("Anthony"), Wolfe Brothers Farms ("WBF") (collectively with Kristopher and Anthony, "Wolfe Defendants"), and Woodys Used Grain Bins Inc. ("Woodys") (collectively, "Defendants") alleges as follows:

### SUMMARY OF CLAIMS

1. This diversity action alleging breach of contract, breach of the Uniform Commercial Code and conversion arises from Smith, a farmer, ordering grain bins to store his harvest from a commercial seller, Woodys. Before the grain bins were delivered, Kristopher and Anthony, acting individually and on behalf of WBF, stole the grain bins from Woodys to use at their farm. Despite Smith's repeated demands

that they be returned, he has yet to receive compensation or the grain bins that he lawfully purchased from Woodys.

## THE PARTIES

2.    Smith is a citizen of Illinois who resides in Tallula, Illinois.

3.    Woodys is a Michigan corporation and citizen of Michigan with its principal place of business in Flushing, Michigan.

4.    Kristopher is a citizen of Pennsylvania who resides in Middle Center, Pennsylvania.

5.    Anthony is a citizen of Pennsylvania who resides in Tioga, Pennsylvania.

6.    WBF is a Pennsylvania partnership with its principal place of business in Middlebury Center, Pennsylvania.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) based upon diversity jurisdiction. Smith and Defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of attorney's fees and costs.

8.    This Court has personal jurisdiction over Woodys pursuant to MCL 600.711(1) because it is incorporated under the laws of Michigan.

9.    This Court has personal jurisdiction over WBF pursuant to MCL

600.725(2) because it is a partnership that committed torts, namely wrongfully converting property, within Michigan.

10.     This Court has personal jurisdiction over Kristopher and Anthony pursuant to MCL 600.725(2) because they wrongfully converted property within Michigan.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because, as alleged below, a substantial part of the events giving rise to this action involving all defendants took place within the jurisdictional boundaries of this Court.

### ALLEGATIONS COMMON TO ALL COUNTS

12.     Smith is a multi-generational farmer who grows corn and other crops in Illinois.

13.     After corn or other crops have been harvested, they are often stored in grain bins to prevent the crops from exposure to the elements, moisture, and other damaging effects.

14.     On or about September 14, 2023, Smith ordered and paid $99,342.40 for two 42-foot 16 ring grain bins from Woodys, which Smith intended to use to store harvested corn on his farm ("Grain Bins"). The September 14, 2023 Invoice is attached as *Exhibit A*.

15.     Before placing the order, Smith explained to Randy Wood ("Wood"), the owner of Woodys, that he needed the Grain Bins no later than September 1, 2024

to ensure he would be able to harvest his crops before they withered and were lost, or grain elevator rents were incurred. Wood understood the importance of this deadline and accepted Smith's order for the Grain Bins.

16.     On multiple occasions throughout June and July 2023, Smith contacted Woodys regarding the status of the Grain Bins and on each occasion was assured by Woodys that the bins would arrive no later than September 1, 2024.

17.     In approximately August 2024, Wolfe Defendants traveled to Woodys in Flushing, Michigan and loaded the Grain Bins on their trailer.

18.     While at Woodys, Wood repeatedly advised Wolfe Defendants that the Grain Bins did not belong to them, and they had no right to remove them.

19.     Despite Wood's instruction, Wolfe Defendants wrongfully removed the Grain Bins from Woodys without authorization or consent from Woodys or Smith.

20.     On September 10, 2024, the undersigned sent a letter to Wolfe Defendants requesting Smith's Grain Bins be returned, or Smith be compensated for his damages. The September 10, 2024 Letter is attached as ***Exhibit B***.

21.     Wolfe Defendants have refused to return the Grain Bins or compensate Smith.

22.     To date, Smith never received the Grain Bins that he purchased from Woodys.

*Damages*

23.     In preparation for receiving the Grain Bins, Smith purchased approximately $40,000 worth of concrete to create platforms for the Grain Bins and spent $99,342.40 on the Grain Bins and approximately $80,039.93 on equipment, including "double-run drags" to accommodate the specific bins Smith ordered.

24.     As a result of Smith not receiving the Grain Bins by September 1, 2024 and no comparable bins being immediately found for sale, Smith was forced to store his grain off-site incurring approximately $54,000 in increased storage, labor, and transportation costs.

25.     Unable to harvest his corn until a place to store it had been found, Smith could not harvest his crops until October 2024, at which point, the corn had begun to wither from increased air-drying and sun-exposure and the volume of the harvest was dramatically reduced. Ultimately, Smith lost approximately twenty bushels per acre of corn over 1,525 acres, totaling approximately $142,430.

26.     These damages were reasonably foreseeable at all relevant times as Smith had communicated with Woodys the timing of harvest and the need to have the Grain Bins on site no later than mid-October 2024.

## COUNT I – BREACH OF CONTRACT
### (WOODYS)

27.     Smith repeats and re-alleges paragraphs 1 through 26 as if fully set forth herein.

28.     The September 14, 2023 Invoice (Ex. A) is a valid and enforceable contract that required Woodys to deliver the Grain Bins.

29.     Smith has fully complied with his obligations pursuant to the contract.

30.     Woodys has breached the contract by failing to the deliver the Grain Bins referenced in Exhibit A.

31.     As a result of Woodys failure to deliver the Grain Bins, Smith incurred the damages referenced in paragraphs 23-26.

WHEREFORE, Plaintiff George Smith prays for entry of judgment on this Complaint in his favor and against Defendant Woodys Used Grain Bins Inc. in an amount exceeding $415,812.33 plus pre-judgment interest, costs of suit, and for such other and further relief as the Court deems just and proper.

## COUNT II – VIOLATION OF MICHIGAN UNIFORM COMMERCIAL CODE
### ALTERNATIVE TO COUNT I
### (WOODYS)

32.     Smith repeats and re-alleges paragraphs 1 through 31 as if fully set forth herein.

33.     Woodys is a commercial seller of, among other things, grain bins.

34.     Per Mich. Comp. Laws § 440.2503, Woodys was required to deliver the Grain Bins referenced in Exhibit A no later than September 1, 2024.

35.     To date, Woodys failed to the deliver the Grain Bins referenced in Exhibit A thereby violating Mich. Comp. Laws § 440.2503.

36.     As a result of Woodys failure to deliver the Grain Bins, Smith incurred the damages referenced in paragraphs 23-26.

37.     Woodys had reason to know that Smith would incur these damages at the time the invoice was executed based on the communications between Smith and Woodys where Smith informed Woodys of the necessary timing for the delivery. These damages are thus collectible per Mich. Comp. Laws § 440.2713.

38.     These damages could not reasonably have been prevented by Smith and, to mitigate his damages, Smith had to incur storage charges he would not otherwise have incurred had Woodys timely performed the contract.

WHEREFORE, Plaintiff George Smith prays for entry of judgment on this Complaint in his favor and against Defendant Woodys Used Grain Bins Inc. in an amount exceeding $415,812.33 plus pre-judgment interest, costs of suit, and for such other and further relief as the Court deems just and proper.

## COUNT III – COMMON LAW CONVERSION
### (WOLFE DEFENDANTS)

39.    Smith repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40.    Smith has a legal right to the Grain Bins referenced in Exhibit A as he lawfully purchased them.

41.    Woodys informed Wolfe Defendants they were not authorized to take the Grain Bins.

42.    Despite knowing they had no legal right to the Grain Bins, Wolfe Defendants unlawfully took them thereby exercising dominion over them.

43.    Smith has an unconditional and immediate right of possession of the Grain Bins.

44.    Smith has repeatedly demanded that Wolfe Defendants return the Grain Bins. Ex. B.

45.    Defendants have refused to return the Grain Bins and continue to exert dominion over them.

WHEREFORE, Plaintiff George Smith prays for entry of judgment on this Count III in his favor and against Defendants Kristopher Wolfe, Anthony Wolfe, and Wolfe Brothers Farms in an amount exceeding $415,812.33 plus pre-judgment interest, costs of suit, and for such other and further relief as the Court deems just and proper.

## COUNT IV – STATUTORY CONVERSION
### (WOLFE DEFENDANTS)

46.     Smith repeats and re-alleges paragraphs 1 through 45 as if fully set forth

herein.

47.     Smith has a legal right to the Grain Bins referenced in Exhibit A as he

lawfully purchased them.

48.     Woodys informed Wolfe Defendants they were not authorized to take

the Grain Bins.

49.     Despite knowing they had no legal right to the Grain Bins, Wolfe

Defendants unlawfully took them.

50.     Wolfe Defendants took the Grain Bins and used the Grain Bins for their

own use.

51.     Smith has an unconditional and immediate right of possession of the

Grain Bins.

52.     Smith has repeatedly demanded that Wolfe Defendants return the Grain

Bins. Ex. B.

53.     Wolfe Defendants have refused to return the Grain Bins.

54.     Smith is entitled to three times the amount of his actual damages and

reasonable attorneys' fees per MCL 600.2919(a).

WHEREFORE, Plaintiff George Smith prays for entry of judgment on this

Count IV in his favor and against Defendants Kristopher Wolfe, Anthony Wolfe, and

Wolfe Brothers Farms in an amount exceeding $1,247,436.99 plus pre-judgment interest, attorneys' fees, costs of suit, and for such other and further relief as the Court deems just and proper.

## JURY DEMAND

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.**

/s/ *Richard E. Rassel*
Richard E. Rassel (P57540)
David E. Plunkett (P66696)
Williams Williams Rattner & Plunkett, P.C.
380 North Old Woodward Avenue, Suite 300
Birmingham, Michigan 48009
(248) 642-0333
rerassel@wwrplaw.com

Thomas C. Koessl (*application for admission to be submitted*)
Spencer D. Griffin (*application for admission to be submitted*)
Williams, Bax & Saltzman, P.C.
221 North LaSalle Street, Suite 3700
Chicago, Illinois 60601
(312) 372-3311
koessl@wbs-law.com
griffin@wbs-law.com

Counsel for Plaintiff

Dated: January 8, 2025