UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

_____

| | |
|---|---|
| GEORGE SMITH, | **ANSWER** |
| Plaintiff, | |
| v. | Civil Index No. 2:25-cv-10056-RJW-EAS |
| WOODYS USED GRAIN BINS INC., A MICHIGAN CORPORATION, KRISTOPHER WOLFE, ANTHONY WOLFE, AND WOLFE BROTHERS FARMS, A PENNSYLVANIA PARTNERSHIP, | |
| Defendants. | |

_____

For its answer to Plaintiff George Smith's Complaint ("Complaint") defendants Kristopher Wolfe, Anthony Wolfe, and Wolfe Brothers Farms ("collectively, the "Wolfes") state as follows:

## SUMMARY OF CLAIMS

1. The Wolfes deny the allegations contained in paragraph 1 of the Complaint.

## THE PARTIES

2. The Wolfes lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 of the Complaint, and therefore denies the same.

3. The Wolfes lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3 of the Complaint, and therefore denies the same.

4. The Wolfes admit the allegations contained in paragraph 4 of the Complaint.

5. The Wolfes admit the allegations contained in paragraph 5 of the Complaint.

6. The Wolfes admit the allegations contained in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. The Wolfes lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7 of the Complaint, and therefore denies the same.

8. The Wolfes lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8 of the Complaint, and therefore denies the same.

9. The Wolfes deny the allegations contained in paragraph 9 of the Complaint.

10. The Wolfes deny the allegations contained in paragraph 10 of the Complaint.

11. The Wolfes deny the allegations contained in paragraph 11 of the Complaint.

## ALLEGATIONS COMMON TO ALL COUNTS

12. The Wolfes lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12 of the Complaint, and therefore denies the same.

13. The Wolfes lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 of the Complaint, and therefore denies the same.

14. The Wolfes admit that Plaintiff purports to quote, summarize, characterize, or refer to an invoice dated September 14, 2023, which speaks for itself.  The Wolfes respectfully refer the Court to the document for its contents.  To the extent a response is required, the Wolfes lack knowledge or information sufficient to form a

belief about the truth of the allegations contained in paragraph 14 of the Complaint, and therefore denies the same.

15. The Wolfes lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 of the Complaint, and therefore denies the same.

16. The Wolfes lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16 of the Complaint, and therefore denies the same.

17. The Wolfes admit that Kristopher Wolfe and Anthony Wolfe loaded the Grain Bins onto their trailer in approximately August 2024.

18. The Wolfes deny that they had no right to remove the Grain Bins, but admit that Plaintiff advised Kristopher Wolfe and Anthony Wolfe that the Grain Bins did not belong to them.

19. The Wolfes deny the allegations contained in paragraph 19 of the Complaint.

20. The Wolfes admit that Plaintiff purports to quote, summarize, characterize, or refer to a letter dated September 10, 2024, which speaks for itself.  The Wolfes respectfully refer the Court to the document for its contents.  To the extent a response is required, the Wolfes lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of the Complaint, and therefore denies the same.

21. The Wolfes admit the allegations contained in paragraph 21 of the Complaint.

22. The Wolfes lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 of the Complaint, and therefore denies the same.

23. The Wolfes lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23 of the Complaint, and therefore denies the same.

24. The Wolfes lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24 of the Complaint, and therefore denies the same.

25. The Wolfes lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25 of the Complaint, and therefore denies the same.

26. The Wolfes deny the foreseeability of the claimed damages, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 26 of the Complaint, and therefore denies the same.

## COUNT I – BREACH OF CONTRACT
## (WOODYS)

27. The Wolfes repeat and reiterate each and every response to the allegations in paragraphs 1 through 26 with the same force and effect as if set forth herein.

28. The Wolfes lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28 of the Complaint, and therefore denies the same.

29. The Wolfes lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 29 of the Complaint, and therefore denies the same.

30. The Wolfes lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30 of the Complaint, and therefore denies the same.

31. The Wolfes lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 31 of the Complaint, and therefore denies the same.

32. The Wolfes deny the allegations contained in the WHEREFORE paragraph regarding Count I of Plaintiff's Complaint.

**COUNT II – VIOLATION OF MICHIGAN UNIFORM COMMERCIAL CODE
ALTERNATIVE TO COUNT I
(WOODYS)**

33. The Wolfes repeat and reiterate each and every response to the allegations in paragraphs 1 through 31 with the same force and effect as if set forth herein.

34. The Wolfes lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 33 of the Complaint, and therefore denies the same.

35. The Wolfes lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 34 of the Complaint, and therefore denies the same.

36. The Wolfes lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 35 of the Complaint, and therefore denies the same.

37. The Wolfes deny the allegations contained in paragraph 36 of the Complaint.

38. The Wolfes deny the allegations contained in paragraph 37 of the Complaint.

39. The Wolfes deny the allegations contained in paragraph 38 of the Complaint.

40. The Wolfes deny the allegations contained in the WHEREFORE paragraph regarding Count II of Plaintiff's Complaint.

### COUNT III – COMMON LAW CONVERSION
### (WOLFE DEFENDANTS)

41. The Wolfes repeat and reiterate each and every response to the allegations in paragraphs 1 through 38 with the same force and effect as if set forth herein.

42. The Wolfes deny the allegations contained in paragraph 40 of the Complaint.

43. The Wolfes admit the allegations contained in paragraph 41 of the Complaint.

44. The Wolfes deny that they had no legal right to take the Grain Bins and that their taking was unlawful but otherwise admit the allegations contained in paragraph 42 of the Complaint.

45. The Wolfes deny the allegations contained in paragraph 43 of the Complaint.

46. The Wolfes admit that Plaintiff purports to quote, summarize, characterize, or refer to Exhibit B attached to the Complaint, which speaks for itself. The Wolfes respectfully refer the Court to the document for its contents. To the extent a response is required, the Wolfes deny the allegations contained in paragraph 44 of the Complaint.

47. The Wolfes deny the allegations contained in paragraph 45 of the Complaint.

48. The Wolfes deny the allegations contained in the WHEREFORE paragraph regarding Count III of Plaintiff's Complaint.

### COUNT IV – STATUTORY CONVERSION
### (WOLFE DEFENDANTS)

49. The Wolfes repeat and reiterate each and every response to the allegations in paragraphs 1 through 45 with the same force and effect as if set forth herein.

50. The Wolfes deny the allegations contained in paragraph 47 of the Complaint.

51. The Wolfes admit the allegations contained in paragraph 48 of the Complaint.

52. The Wolfes deny that they had no legal right to take the Grain Bins and that their taking was unlawful but otherwise admit the allegations contained in paragraph 49 of the Complaint.

53. The Wolfes admit the allegations contained in paragraph 50 of the Complaint.

54. The Wolfes deny the allegations contained in paragraph 51 of the Complaint.

55. The Wolfes admit that Plaintiff purports to quote, summarize, characterize, or refer to Exhibit B attached to the Complaint, which speaks for itself.  The Wolfes respectfully refer the Court to the document for its contents.  To the extent a response is required, the Wolfes deny the allegations contained in paragraph 52 of the Complaint.

56. The Wolfes deny the allegations contained in paragraph 53 of the Complaint.

57. The Wolfes deny the allegations contained in paragraph 54 of the Complaint.

58. The Wolfes deny the allegations contained in the WHEREFORE paragraph regarding Count IV of Plaintiff's Complaint.

## THE WOLFES' AFFIRMATIVE DEFENSE

1. The Plaintiff's claims against the Wolfes fail to state a claim on which can be granted under Rule 12(b)(6).

2. The Plaintiff's claims are barred, in whole or in part, because the Wolfes, at all times, did not act knowingly or intentionally, but instead acted in good faith and in compliance applicable statutes and/or regulations, and further did not engage in any unlawful conduct under Michigan law.

3. The alleged actions of the Wolfes were not the proximate and legal cause of any alleged injuries to Plaintiff.

4. Plaintiff's damages were the proximate and result of the superseding actions of Defendant Woody's Used Grain Bins Inc.

5. Plaintiff failed to mitigate his damages.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST WOODYS USED GRAIN BINS INC. (INDEMNIFICATION)

1. The Wolfes repeat and reallege all the paragraphs above with the same force and effect as if set forth herein.

2. The Wolfes purchased grain bins from Woodys Used Grain Bins, Inc. ("Woodys").

3. Woodys Used Grain Bins, Inc. informed the Wolfes that the grain bins they purchased were the grain bins at issue and that the Wolfes were permitted to take the Grain Bins at issue.

4. By reason of the above, the Wolfes are entitled to common law indemnification based upon an apportionment of fault and responsibility for the occurrence from and

to have judgment over and against Woodys Used Grain Bins, Inc. for all or part of any verdict or judgment that Plaintiff may recover against the Wolfes.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST WOODYS USED GRAIN BINS INC. (CONTRIBUTION)

1. The Wolfes repeat and reallege all the paragraphs above with the same force and effect as if set forth herein.

2. By reason of the above the Wolfes are entitled to contribution from Woodys Used Grain Bins, Inc. for all or part of any verdict or judgment that Plaintiff may recover against the Wolfes.

### RESERVATION OF RIGHTS

The Wolfes state that as discovery in this case has not commenced yet, their ability to analyze all potential affirmative defenses that might be applicable infeasible at this time, and therefore expressly reserves the right to assert additional affirmative defenses as the case progresses.

| | |
|---|---|
| Dated: Chicago, Illinois<br>March 12, 2025 | PHILLIPS LYTLE LLP<br><br>By:    /s/ John R. Worth<br>       John R. Worth (P80928)<br>       David L. Cook*<br>Attorneys for Defendants<br>*Kristopher Wolfe, Anthony Wolfe, and Wolfe Brothers Farms*<br>161 N. Clark Street<br>Suite 1700<br>Chicago, IL 60601<br>Telephone: (312) 794 7301<br>jworth@phillipslytle.com<br>dcook@phillipslytle.com<br><br>(**Not yet admitted to EDMI bar; application for admission to be submitted*) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2025, the foregoing Answer was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated:  March 12, 2025

PHILLIPS LYTLE LLP

By: */s/ John R. Worth*
    John R. Worth (P80928)

161 N. Clark Street
Suite 1700
Chicago, IL 60601
Telephone:  (312) 794 7301
JWorth@phillipslytle.com
Attorneys for *Kristopher Wolfe, Anthony Wolfe and Wolfe Brothers Farms*